NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3752
_____

UNITED STATES OF AMERICA,

v.

STEPHAN ANDRE PETE,
                              Appellant.
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2:09-cr-00082)
District Judge: Honorable Gustave Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 9, 2012

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges

(Opinion Filed: March 5, 2012)
_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

Stephan Andre Pete appeals from his conviction of one count of conspiring

to distribute 500 grams or more of cocaine and one count of possessing a firearm

in furtherance of a drug trafficking crime.  Pete argues that: 1) the District Court

erred in denying his motion to suppress; 2) the District Court erred in allowing evidence of his prior drug deals to be presented; and 3) there was insufficient evidence to convict him of the crimes charged.

For the reasons expressed below, we will affirm Pete's conviction and sentence.[1]

I.

Because we write primarily for the benefit of the parties, we set forth only the facts and history that are relevant to our conclusion. Stephan Andre Pete cooperated with three others to bring cocaine from Arizona to Pennsylvania in order to sell it to William Earley. Earley arranged the sale at the behest of the Pennsylvania State Police, for whom he was a confidential informant. The officers had not previously worked with Earley, but he told them that a man named William Peterson had brought large quantities of cocaine from Arizona to Pennsylvania on prior occasions.

Earley called Peterson and arranged a drug transaction with him. The two men agreed that Earley would purchase five kilograms of cocaine from Peterson for $35,000 a kilogram.[2] They decided to meet at a hotel near the Pittsburgh airport on February 3, 2009. When Peterson arrived at Earley's hotel as planned,

---

[1] The District Court had jurisdiction over this action pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] For reasons not disclosed in the record, Peterson initially offered to sell Earley five kilograms of cocaine, but changed the amount to one kilogram at the last minute.

three other individuals, including Pete, were in the car with him. The officers arrested the four men in the parking lot. They found an unloaded gun and ammunition packed in luggage in the backseat after they discovered a license to carry a firearm in Pete's wallet. They obtained a warrant to search the car, and found a kilogram of cocaine in another piece of luggage in the trunk.

On March 3, 2009, a grand jury returned an indictment charging Pete and his co-conspirators with conspiring to distribute 500 grams or more of cocaine. Pete was also charged with one count of possessing a firearm in furtherance of a drug trafficking crime. Pete filed pre-trial motions in his case, including a Motion to Suppress the gun and the cocaine that were seized from the car. He argued that the officers did not have probable cause to seize the vehicle and arrest its occupants. Pete also filed a Motion to Compel the Government to Provide Defendant with Written Statement of 404(b) Evidence. The District Court held a hearing on these motions on December 21, 2009. On March 10, 2010, the Court filed an opinion and order denying Pete's Motion to Suppress and granting in part and denying in part his Motion to Compel Production of 404(b) Evidence. Pete was tried by a jury and found guilty of both counts of the indictment. The District Court sentenced him to a term of imprisonment of 120 months, to be followed by a term of supervised release of 60 months.

This appeal followed.

## II.

We review for clear error the District Court's factual findings arising out of Pete's suppression hearing. *See United States v. Delfin-Colina*, 464 F.3d 392, 395 (3d Cir. 2006). "We conduct a plenary review of legal rulings and mixed questions of law and fact." *Id.* at 396.

With respect to Pete's challenge to the admission of evidence of his participation in two prior drug deals, "'[w]e review the [D]istrict [C]ourt's evidentiary rulings principally on an abuse of discretion standard.'" *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (citation omitted). An abuse of discretion occurs only where a district court's decision is "arbitrary, fanciful, or clearly unreasonable," that is, where "no reasonable person would adopt the district court's view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (internal quotation marks and citations omitted). "We exercise plenary review, however, of [the District Court's] rulings to the extent they are based on a legal interpretation of the Federal Rules of Evidence. This includes plenary review 'of whether evidence falls within the scope of Rule 404(b)." *Green*, 617 F.3d at 239 (internal quotation marks and citations omitted).

In reviewing Pete's challenge to the sufficiency of the evidence, our role is not "to weigh the evidence or to determine the credibility of the witnesses. We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond

a reasonable doubt." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002) (citations omitted).

A.

Pete's claim that the officers did not have probable cause or reasonable suspicion to search the vehicle is unavailing.

> The Supreme Court has repeatedly recognized that reasonable suspicion may be the result of any combination of one or several factors: specialized knowledge and investigative inferences . . . , personal observation of suspicious behavior . . . , information from sources that have proven to be reliable, and information from sources that—while unknown to the police—prove by the accuracy and intimacy of the information provided to be reliable at least as to the details contained within that tip . . . .

*United States v. Nelson*, 284 F.3d 472, 478 (3d Cir. 2002).

Pete argues that the Earley was an untested and unreliable confidential informant. He focuses on the fact that Peterson changed the amount of cocaine that he was willing to sell to Earley and that Peterson changed his arrival date from January 26th to February 2nd. However, as the District Court rightly noted, "these discrepancies more accurately reflect on the reliability of Peterson." *United States v. Pete*, No. 09-82, 2010 U.S. Dist. LEXIS 21907, at *13 (W.D. Pa. Mar. 10, 2010).

Indeed, the officers in this case had at least reasonable suspicion to justify stopping the car, based on the information provided to them by the confidential informant as well as their own observations and knowledge gleaned through their investigation. As the District Court noted, "[t]he information in this case

5

regarding Peterson did not come from an anonymous or unidentified informer but from an individual who worked with the police extensively in arranging a controlled buy." *Id.* Thus, the District Court properly denied Pete's Motion to Suppress.[3]

B.

Evidence of Pete's prior involvement in two cocaine transactions with his co-defendants was properly admitted. Federal Rule of Evidence 404(b) states that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

"We have recognized that Rule 404(b) is a rule of inclusion rather than exclusion. We favor the admission of evidence of other criminal conduct if such evidence is 'relevant for any other purpose than to show a mere propensity . . . of the defendant to commit the crime.'" *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003) (citation omitted). In this case, the evidence of Pete's prior drug deals was admissible to show his relationship to his co-conspirators, his knowledge of

---

[3] We also note that, though we have chosen to address the merits of his claim, it is doubtful that Pete had standing to challenge the search of the car in the first instance, because he was only a passenger and thus had no reasonable expectation of privacy therein. *See United States v. Baker*, 221 F.3d 438, 441-42 (3d Cir. 2000) ("It is clear that a passenger in a car that he neither owns nor leases typically has no standing to challenge a search of the car."); *see also Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.").

the fact that drugs were in the car, and his intent to sell drugs to Earley. Thus, the District Court appropriately admitted this prior conduct into evidence.

C.

Finally, the evidence was sufficient to convict Pete both of conspiracy to sell drugs and of possession of a firearm in furtherance of that conspiracy. We acknowledge that some facts in the record suggest that Pete did not intend to use his firearm to effectuate the drug sale, including that the gun was found unloaded in luggage in the backseat and that Pete possessed it legally. However, the testimony of Pete's co-conspirator showed that Pete always brought firearms along during drug deals, that he encouraged his co-conspirators to carry weapons, and that when some of his guns were seized by the police, he purchased others before going through with another drug deal. Thus, especially because we view the facts in the light most favorable to the verdict, we hold that the evidence was sufficient to find Pete guilty of the crimes charged.

III.

For the reasons stated above, we will affirm Pete's conviction and sentence.